UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH A. HOFER )<br>    PLAINTIFF ) | CIVIL ACTION NO.:<br>4:10-cv-2150 |
| VS. ) | |
| LAW OFFICE OF VINCENT P.<br>CIGNARALE, LLC         & ) | JURY TRIAL DEMANDED |
| VINCENT P. CIGNARALE )<br>    DEFENDANTS. ) | |

## COMPLAINT

Plaintiff, Joseph A. Hofer, brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. seeking a declaration that Defendants' debt collection practices violate the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here and the Defendants transact business here.

### PARTIES

3. Plaintiff, Joseph Hofer, is a citizen of the State of Missouri, residing in the Eastern District of Missouri, from whom Defendants

attempted to collect a delinquent consumer debt allegedly owed to U.S. Bank.

4. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Law Office of Vincent P. Cignarale LLC is a New York limited liability company, with no listed Missouri registered agent, and may be served in New York with process at 5100 Transit Road, Depew, New York 14043-4465.

6. Defendant Vincent Peter Cignarale is a New York attorney with no listed Missouri registered agent, and may be served in New York with process at 5100 Transit Road, Depew, New York 14043-4465.

## FACTUAL ALLEGATIONS

7. On or about July 12, 2010, a collector employed by Vincent P. Cignarale and the Law Office of Vincent P. Cignarale contacted Plaintiff on his cell phone, and left a message on his cell phone voice mail recorder.  The message contained the following information:  "Joseph Hofer, this is Miss Austin with the Law Office of Vincent P. Cignarale.  We have a lawsuit that was placed in our office against your name and social.  The docket number for that case is 123215.  Joseph, return the call toll free to (877) 291-3901.  You can get me, Ms. Austin, at extension 307."  Plaintiff's personal cell phone number is (314) 225-5278.

8. Within a few minutes of receiving the voice message on his cell phone, Plaintiff was contacted at his place of employment by the same collector. He was contacted on his employer's phone number which is (314) 721-7260, and the caller ID at his place of employment showed that the call was being received from (716) 748-8695.

9. During the conversation, Defendants' collector, who identified herself as Miss Austin, advised Plaintiff that she was calling about a debt he owed to Cash Central. She stated that she was calling from a law office that was attempting to settle this debt. She advised Plaintiff, that if he did not make payment arrangements, the law office would garnish his wages. Plaintiff advised the collector that he was not allowed to conduct personal business at his place of employment, and that he was unable to discuss the matter at that time. The collector advised him that she was working for a law office and not a collection agency, and that she had every right to contact him at work. She further advised Plaintiff that if he was unwilling to discuss a resolution, she should be transferred to the Human Resources Department of his employer so that she could make garnishment arrangements. Plaintiff advised the collector that he was represented by counsel and requested that the collector contact his attorney to further discuss settlement of the debt. The collector remarked that she did not understand how Plaintiff could afford an attorney but could not afford to pay his debts. Plaintiff again

advised the collector that he was represented by an attorney, and attempted to provide the attorney's contact information.  At that point an unidentified male came on to the phone.  The new collector advised Plaintiff that "we do not need your attorney's information.  This does not concern a bankruptcy.  We do not have to speak to your attorney.  We have your social security number and a debt attached to it.  You either settle this debt now or we will proceed to garnish your wages."

10. Plaintiff never received any correspondence from Defendants either prior to or subsequent to the telephone communications with Defendants' collectors on July 12, 2010.

## COUNT I
## Violations Of § 1692e(4) Of the FDCPA
## False Representations of Garnishment

11. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

12. Section 1692e(4) of the FDCPA prohibits a debt collector from telling a consumer that his or her failure to make payment arrangements will result in the garnishment or seizure of the consumer's wages unless such action is lawful, and the debt collector or creditor intends to take such action.

13. At the time that Plaintiff was contacted by Defendants' collectors, neither Cash Central nor any of its agents had obtained a judgment against Plaintiff, and Defendants were not capable of

obtaining a judgment against Plaintiff because neither Defendant is licensed to practice law in the State of Missouri.  Nonetheless, Defendants' collectors repeatedly advised plaintiff that his wages would be garnished if he did not pay voluntarily in violation of § 1692e(4) of the FDCPA.

14. Defendants' violations of § 1692e(4) of the FDCPA render it liable for actual damages and statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k.

### COUNT II
### Violations Of §1692e(5) Of the FDCPA
### False Representations of Suit and Garnishment

15. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

16. Section 1692e(5) of the FDCPA prohibits a debt collector from making false threats directed to a consumer concerning actions which cannot legally be taken or that are not intended to be taken.

17. When Defendants' collector, who identified herself as Miss Austin, left a message on Plaintiff's cell phone recorder which stated "we have a lawsuit that was placed in our office against your name and social…the docket number for that case is 123215," she was making a false statement or threat designed to make the consumer believe that a lawsuit had already been filed against him, even though no such suit was filed and Defendants' law office was not capable of bringing such a suit,

given the fact that no lawyer in Defendants' office is licensed to practice law in the State of Missouri.

18. When Defendants' collectors repeatedly threatened that Plaintiff's wages would be garnished if he did not voluntarily pay the alleged debt, they were making a false threat to take action which they were not legally in a position to take, given the fact that no judgment had been obtained at that time and no attorney in Defendants' office was licensed to practice law in the State of Missouri at that time, all in violation of 1692e(5) .

19. Defendants' violations of § 1692e(5) of the FDCPA render it liable for actual damages and statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k.

## COUNT III
## Violations Of §1692e(10) Of the FDCPA
## False Representations and Deceptive Means in An Attempt to Collect a Debt

20. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

21. Section 1692e(10) of the FDCPA prohibits a debt collector from using false representations and deceptive means in an attempt to collect a debt.

22. When Defendants' collector, Miss Austin, left a message on Plaintiff's cell phone recorder which stated "we have a lawsuit that was placed in our office against your name and social…the docket number

for that case is 123215," she made a false and deceptive statement in an attempt to collect a debt in violation of 1692e(10).

23. When Defendants' collector, who identified herself as Miss Austin, told Plaintiff that if he did not make voluntary arrangements to settle the debt, Defendants' would garnish his wages, she made a false and deceptive statement in an attempt to collect a debt in violation of 1692e(10).

24. When Defendants' collector, who identified herself as Miss Austin, told Plaintiff that Defendants were a law office and not a collection agency and that they had a right to contact him at work even when he requested that they not call him there, she made a false and deceptive statement in an effort to collect a debt in violation of 1692e(10).

25. When Defendants' collector, who identified herself as Miss Austin, requested that Plaintiff transfer the call to Plaintiff's employer's human resources department so she could arrange a wage garnishment, she made a false statement and used a deceptive means in an attempt to collect a debt in violation of 1692e(10).

26. Defendant's violations of Section 1692e(10) of the FDCPA render it liable for actual damages and statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k.

## COUNT IV
## Violations Of § 1692e(11) Of the FDCPA
## Failure to Provide Required Disclosures

27. Section 1692e(11) of the FDCPA requires debt collectors in subsequent communications to consumers to disclose that the communication is from a debt collector in an attempt to collect a debt.

28. Defendants' collectors left one message on Plaintiff's cell phone voice mail recording device and had one conversation with Plaintiff on July 12, 2010, and in neither communication did the collector admit that the communication was from a debt collector in an attempt to collect a debt in violation of § 1692e(11) of the FDCPA.

29. Defendants' collectors failed to identify the Law Office of Vincent P. Cignarale, LLC as the entity leaving the message in two of the messages in

violation of § 1692d(6) of the FDCPA.

30. Defendants' violations of Sections 1692e(11) and 1692d(6) of the FDCPA renders it liable for actual damages and statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Joseph A. Hofer, prays that this Court:

1. Declare that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff and against Defendants for actual and statutory damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a); and

3. Grant such further relief as deemed just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Joseph A. Hofer
**Joseph A. Hofer**

**THE SWANEY LAW FIRM**

/s/ Robert T. Healey
Robert T. Healey
EDMO # 3356; Missouri Bar #34138
Attorney at Law
3460 Hampton, Suite 205
St. Louis, MO 63139
rhealey@swaneylawfirm.com
telephone: (314) 481-7778
fax:  (314) 481-8479